[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11209
Non-Argument Calendar

_____

D. C. Docket No. 06-20416-CV-JAL

LOUIS PERRERO,

Plaintiff-Appellant,

versus

SPECTACOR MANAGEMENT GROUP,
a foreign corporation a.k.a. SMG, Inc.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 21, 2009)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

This case was brought under the Age Discrimination in Employment Act

("ADEA"), 29 U.S.C. § 623(a). In his third amended four-count complaint ("complaint"), Louis Perrero, alleged in Count I that his employer, Spectacor Management Group ("SMG") discriminated against him in the work place on account of his age[1]; in Count II that such discrimination was willful; and in Count III that SMG retaliated against him for having complained to the Equal Employment Opportunity Commission ("EEOC") about the discrimination described in Counts I and II, and terminated his employment on account of his age.[2] Count IV alleged that SMG breached the contract of employment.

After the parties joined issue and engaged in discovery, SMG moved the district court for summary judgment.[3] In a comprehensive order entered on February 20, 2008, the district court painstakingly reviewed the evidence relating to Perrero's employment history with SMB and granted SMG summary judgment. Perrero now appeals.

---

[1] He was 62 years of age at the time he brought this lawsuit.

[2] The allegations of Counts I through III were, collectively, that SMG (1) failed to give him appropriate job training; (2) denied him overtime work; (3) failed to supply him with the tools necessary to do his work; (4) failed to remedy his complaints of verbal and physical harassment by co-employees; (5) disciplined him; (6) made age-based comments pressuring him to retire and because he had complained to the EEOC; and (7) fired him on August 3, 2005.

Perrero's complaint was limited by the scope of his complaint to the EEOC in 2005, which only alleged discrimination based on SMG's termination of his employment. See Mulhall v. Advance Security, Inc., 19 F.3d 586, 589 n. 8 (11th Cir. 1994).

[3] SMG also moved the court to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). The court denied the motion. The ruling is not before us in this appeal.

Here, on appeal, Perrero first argues that ageist comments made by SMG's

human resources manager, Ricardo Artalejo, constituted direct evidence of

discrimination. He argues alternatively that the extensive circumstantial evidence

before the district court was sufficient to demonstrate that SMG's proffered

legitimate, nondiscriminatory reason for terminating him was pretextual.[4]

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to

discharge any individual or otherwise discriminate against any individual with

respect to compensation, terms, conditions, or privileges of employment, because

of such individual's age. . . ." 29 U.S.C. § 623(a)(1). To succeed on claims of

discrimination under the ADEA, the plaintiff must make out a prima facie case of

discrimination. Chapman, 229 F.3d 1012, 1024 (11th Cir. 2000). If the plaintiff

establishes a prima facie case of discrimination, the defendant employer must

articulate a legitimate, nondiscriminatory reason for the challenged employment

action. Id. If the employer meets this burden of production, the plaintiff must

come forward with evidence "sufficient to permit a reasonable factfinder to

conclude that the reasons given by the employer were not the real reasons" for the

---

[4] Perrero raises no challenge on appeal to the district court's grant of summary judgment on his retaliation and breach of contract claims, Counts III and IV. He has therefore abandoned those claims. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (explaining that, "a legal claim or argument that has not been briefed before the court is deemed abandoned").

employment action.  Id.  In other words, "[i]f the plaintiff does not proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the defendant employer's articulated reasons is pretextual, the employer is entitled to summary judgment on the plaintiff's claim."  Id. at 1024-25.  "[C]onclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext or intentional discrimination where [an employer] has offered . . . extensive evidence of legitimate, non-discriminatory reasons for its actions."  Young v. General Foods Corp., 840 F.2d 825, 830 (11th Cir. 1988) (quotations omitted) (modifications in original ).

As the district court correctly pointed out in its February 20 order granting SMG summary judgment, the evidence considered in the light most favorable to Perrero failed to demonstrate that SMG's proffered legitimate, nondiscriminatory reasons for his termination were a pretext for age discrimination.  Since the evidence was insufficient to support the termination claim, it also failed to demonstrate a case of willful violation of the ADEA.

AFFIRMED.